## AFFIDAVIT OF CAITLIN MOYNIHAN

Caitlin Moynihan, being duly sworn, does depose and say as follows:

1. I am a Special Agent with Homeland Security Investigations (HSI). HSI is a directorate within Immigration and Customs Enforcement (ICE). ICE is a subordinate component of the Department of Homeland Security (DHS) and the successor to many of the law enforcement powers of the former Immigration and Naturalization Service and the former U.S. Customs Service. I have been a Special Agent since October 2009. I graduated from the Federal Law Enforcement Training Center in April 2010. I am currently assigned to the Burlington, Vermont Resident Agent in Charge Office. I hold a Bachelor of Arts degree in sociology from Providence College. I have participated in approximately fifteen investigations involving the use of peer-to-peer file sharing and child pornography.

2. This Affidavit is offered to demonstrate that probable cause exists to believe that on or about February 14, 2013, James Fortier, of 70 Jericho Road, Apartment No. 4, Essex Junction, Vermont, knowingly possessed visual depictions that had been shipped or transported using any means or facility of interstate commerce, including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct in violation of 18 U.S.C. §2252(a)(4)(B).

3. I have not set forth all facts I know from my investigation into this matter. Rather, I have included those facts I believe establish probable cause to believe that James Fortier committed the foregoing offense. My knowledge comes from my own investigation in this matter.

4. Due to my previous investigation in this matter, I was aware that James Fortier lives at 70 Jericho Road, Apartment No. 4, Essex Junction, Vermont.

5. At approximately 6:45 a.m., February 14, 2013, I knocked at the door of Apartment No. 4

1

accompanied by HSI Special Agent Michael McCullagh, Essex Police Department Detective Todd

McCabe and Essex Police Department Officer, Michael Wootton (who was in uniform).  Fortier

answered the door and, upon seeing the uniformed officer, Fortier hung his head.  Later, during the

interview discussed below, he stated that as soon as he opened the door and saw the agents and

officers, he knew "exactly why they were there."  After other members of the search team performed

a security sweep, I spoke with Mr. Fortier.

6.  I advised Mr. Fortier that we had a search warrant for his residence.  I then told him that

he was not under arrest, that he was free to leave at any time, that he did not have to speak with law

enforcement and, that if he chose to speak with us, he could end the conversation at any time.  Fortier

said, "Yeah, I know.  Let's talk."

7.  After Fortier voluntarily agreed to speak with us, I asked Fortier who else lived in

Apartment No. 4.  He said he was the only person who had lived at this apartment since 2002.  When

asked what he does for work, he stated that he was retired from the Air Force, and delivers

newspapers in Essex for the Free Press.

8.  When asked if he had Internet service, he replied that he has Internet service through

Comcast.  He said his Internet service is not wireless (his computer is connected to the Internet by an

ethernet cable).   He stated that he has two computers – an C̶o̶p̶a̶q̶ ^(Compaq) desktop and a Dell laptop.  He said

he does not use his laptop computer and only uses his desktop.  When asked what he uses his desktop

computer for, he stated that uses Hotmail, eBay, games, and X-rated sites.  He then said, "I know

what you're getting at."  I asked him if he uses file sharing networks and he said, "Yes."  I then asked

him to explain what a file sharing network is.  He explained that file sharing allows him to "share

what he has with others."  He admitted that he currently uses eMule software but has used Ares in the

past.

9.  When I asked if he has downloaded child pornography, he said, "Yes."  When asked why

2

he no longer uses Ares, he said, "eMule works. It is easier to use and there are more people on there."
He said he has been looking at child pornography for at least four or five years.

10. I asked him what search terms he uses. He replied that he uses terms such as "preteen,"
"teen," "fat," "chubby," and anything that has to do with sex. Later, he admitted to using PTHC as a
search term and explained that PTHC stands for "preteen hardcore." He stated he prefers to look at
females who are 8, 10, 12, 14, or 16. He has seen some females who are "real young," but, according
to Fortier, he did not intentionally search for those. He said he primarily views child pornographic
videos rather than images. He usually watches and deletes, but sometimes he saves the videos and
transfers them to CDs.

11. Fortier ended the interview by saying, "I don't need an attorney, I know what I did."
After the interview was over, however, I observed Fortier using a portable house phone (land line). I
believe he was calling an attorney as he was using the yellow pages. The yellow pages were open to
the category, "Lawyers."

12. Forensic Examiner HSI Special Agent Michael McCullagh performed a Forensic Preview
of Fortier's desktop computer. He noted that the peer-to-peer filing sharing program, Ares, was
installed on the desktop computer. He also located approximately 5 videos that he and I have both
viewed. I believe these videos contain child pornography.

13. One of the above videos has a title that is only partially in English. I have not yet
identified the language used in the rest of the title. The English portion of the title is, " Pedo." The
video is approximately 11 minutes and 45 seconds long. A prepubescent naked female appears to be
in a closet or similar small space. She has no breast development and no visible public hair. At
various times during the video, she is seen with her legs spread apart, exposing her genitals. She is
also seen in various other positions exposing her genitals. At one point during the video, she inserts
what appears to be a pencil, or similar object, into her anus. She also inserts her fingers into her

3

vagina.

14. The computer is a facility of interstate commerce and, in this case, Fortier had access to the Internet because Fortier maintains an account with Comcast, an Internet service provider. Furthermore, the P2P software, Ares, is installed on Fortier's desktop He said he does not use his laptop computer and only uses his desktop. computer. Fortier admitted that he has used Ares in the past to download files and to share files, including files containing child pornography, using the Internet. These facts establish probable cause that the above video on Fortier's computer has been shipped or transported in interstate or foreign commerce.

15. Based on the foregoing, I believe there is probable cause to believe that James Fortier has knowingly possessed visual depictions that have been shipped or transported using any means or facility of interstate commerce, including by computer, and the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct in violation of 18 U.S.C. §2252(a)(4)(B).

16. At approximately 9:10 a.m., Fortier was advised that he was under arrest for violations of child pornography laws.

Caitlin Moynihan
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me this 14th day of February, 2013.

John M. Conroy
United States Magistrate Judge

4